GAINES & STERN CO., L.P.A., Appellee,

v.

SCHWARZWALD, ROBINER, WOLF & ROCK, CO., L.P.A. et al., Appellants.

[Cite as *Gaines & Stern Co., L.P.A. v. Schwarzwald, Robiner, Wolf & Rock Co., L.P.A.* (1990), 70 Ohio App.3d 643.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57965.

Decided Dec. 16, 1990.

*Spangenberg, Shibley, Traci & Lancione* and *Peter H. Weinberger,* for appellee.

*Thompson, Hine & Flory, Harry A. Hanna* and *Patrick F. Haggerty,* for appellants.

*Per Curiam.*

Defendants Schwarzwald, Robiner, Wolf & Rock, A Legal Professional Assn., et al. (collectively referred to hereafter as "SRW & R") appeal from the judgment of the trial court which denied their motion for relief from judgment, entered in an action commenced by Gaines & Stern Co., L.P.A. (hereafter referred to as "G & S").

## I

This appeal stems from a dispute between G & S and SRW & R regarding the interpretation of a "withdrawal agreement." Following disposition of the matter at the trial level, SRW & R commenced an appeal to this court which was designated case No. 56786. In furtherance of this appeal, SRW & R requested a partial verbatim transcript of the proceedings, and filed with this court a statement of eleven assignments of error which it intended to pursue. G & S in turn commenced a cross-appeal in case No. 56786.

Due to a fire at the Justice Center in December 1988, the parties were unable to obtain a complete verbatim transcript of the lower court proceedings. G & S then filed with the trial court a nineteen-page statement of the proceedings in accordance with App.R. 9(C), and a partial verbatim transcript. SRW & R submitted objections which challenged the content of G & S's App.R. 9(C) statement, then filed a motion for relief from judgment, contending that it would be impossible for SRW & R to construct its own App.R. 9(C) statement as a substitute for a verbatim transcript. SRW & R also submitted the affidavit of their attorney which indicted that while a statement of eleven assignments of error had been filed with the court of appeals, the proposed errors could not be demonstrated without a complete verbatim transcript. This affidavit contained a brief statement of the facts associated with the challenged rulings, however.

This court subsequently stayed proceedings in case No. 56786 for disposition of SRW & R's motion for relief from judgment. The trial court then denied the motion, noting:

"Defendant's Motion for Relief from Judgment is denied. Counsel urged to consider and review Appellate Rule 9(C)."

SRW & R now appeals.

## II

"The trial court abused its discretion in overruling appellant' [*sic*] motion for relief from judgment without a hearing."

With respect to procedure, we note that relief from judgment is governed by Civ.R. 60(B) which provides in pertinent part as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or

other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. * * * "

 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

 Pursuant to this rule, the trial court is not required to grant the movant a hearing on the motion. *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 103, 68 O.O.2d 251, 254, 316 N.E.2d 469, 475. If, however, the material submitted by the movant contains allegations of operative facts demonstrating that relief is warranted, the trial court should grant the movant a hearing to take evidence and either verify or discredit the asserted facts. *U.A.P. Columbus JV326132 v. Plum* (1986), 27 Ohio App.3d 293, 294–295, 27 OBR 338, 338–340, 500 N.E.2d 924, 925–927; accord *Adomeit v. Baltimore, supra,* 39 Ohio App.2d at 105, 68 O.O.2d at 255, 316 N.E.2d at 476; *Matson v. Marks* (1972), 32 Ohio App.2d 319, 327, 61 O.O.2d 476, 480, 291 N.E.2d 491, 497. If, on the other hand, the material submitted by the movant does not provide operative facts which demonstrate that relief is warranted, the trial court may deny the motion without holding a hearing. *Bates & Springer, Inc. v. Stallworth* (1978), 56 Ohio App.2d 223, 228, 10 O.O.3d 227, 230, 382 N.E.2d 1179, 1184; accord 1 Baldwin's Ohio Civil Practice (1988) 172–173, T 21.20; see, also, Loc.R. 11(A) of the Court of Common Pleas of Cuyahoga County, General Division, which provides:

"(A) Motions, in general, shall be submitted and determined upon the motion papers. Oral arguments of motions will be permitted on application and proper showing."

 With respect to the substantive law, we further note that where a complete verbatim transcript is unavailable, appellants have the option of providing the court with a narrative of the proceedings pursuant to App.R. 9(C), or an agreed statement of the proceedings pursuant to App.R. 9(D). *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 200, 15 O.O.3d 218, 220, 400 N.E.2d 384, 386. In light of these alternatives, the judgment

being appealed should not be vacated for the reason that the transcript is unavailable, unless and until "all reasonable solutions to this problem are exhausted." *Id.*

■ Applying the foregoing, we hold that the trial court did not err in denying SRW & R's motion for relief from judgment without holding a hearing. SRW & R's motion clearly reveals that SRW & R had not exhausted all reasonable solutions to the problem of transcript unavailability, and for that reason, the motion failed to establish operative facts demonstrating that relief was warranted. In this connection, it must be noted that SRW & R requested only a partial transcription of the trial proceedings, and some of this information was obtained by G & S. Accordingly, very little remained to be pieced together and construction of a statement pursuant to App.R. 9(C) or 9(D) is therefore a reasonable solution.

In addition, while SRW & R stated that it would be impossible to articulate its assignments of error without a complete verbatim transcript, SRW & R did in fact articulate eleven assignments of error which were then submitted to this court in case No. 56786. Finally, the record demonstrates that SRW & R included salient facts surrounding each of these proposed assignments of error and that SRW & R's recollection of the trial proceedings was sufficient for it to formulate objections to G & S's App.R. 9(C) statement. Accordingly, SRW & R's claim that it could not proceed pursuant to App.R. 9(C) or (D) is untenable.

In accordance with the foregoing we affirm the judgment of the trial court.

*Judgment affirmed.*

DYKE and JOHN F. CORRIGAN, JJ., concur.

MATIA, P.J., dissents.

MATIA, Presiding Judge, dissenting.

I respectfully dissent on two grounds. First, the law of this state indicates that if grounds for relief from judgment are apparent, the court is obligated to hold an evidentiary hearing *prior* to overruling a motion requesting such relief. *U.A.P. Columbus JV326132 v. Plum* (1986), 27 Ohio App.3d 293, 27 OBR 338, 500 N.E.2d 924. Also, *Neubauer v. Kender* (1986), 32 Ohio App.3d 49, 513 N.E.2d 1359. Since the court below did not hold a hearing, yet overruled the motion, the court abused its discretion. The majority opinion from the appellate court equates the appellants' failure to exhaust all possible solutions to the transcript problem with a failure to demonstrate operative facts on which relief per the motion would be warranted. That these elements are one and the same is neither supported by precedent nor necessarily

apparent from the record. Second, I question who bears the burden of demonstrating that the motion is *not* the only sound legal remedy available. If the burden is the appellee's, it presented no countervailing evidence, affidavits, or authority to meet the legal requirements of such a showing. Instead, the appellate court has stepped in to shore up an insufficient response by the appellee to the motion. I do not see that this is the proper action for this court; I would reverse the lower court decision and remand for an evidentiary hearing.