Defendant-appellant Sabrina Strait Harriman appeals the June 11, 1998 Judgment Entry of the Mansfield Municipal Court denying her Motion for Relief from Judgment pursuant to Civ. R. 60(B). Plaintiff-appellee is Firs Collection Agency.[1]
 STATEMENT OF THE FACTS AND CASE
On April 29, 1998, appellee filed a small claim complaint in the Mansfield Municipal Court, alleging appellant failed to pay a balance of $2,526.95 on her loan with Schonauer Motors. The clerk of the municipal court mailed a copy of the complaint and summons to appellant via certified mail on May 5, 1998, which was returned as "unclaimed" on May 12, 1998. On May 18, 1998, the complaint and summons were sent to appellant by ordinary U.S. mail.
The summons included notice the trial court would conduct a trial on the claim on May 27, 1998. Appellant failed to appear on the scheduled trial date. The trial court entered default judgment in favor of appellee and against appellant in the amount of $2,526.95, plus costs. This decision was memorialized in a Judgment Entry filed May 28, 1998.
On June 11, 1998, appellant filed a Motion for Relief from Judgment under Civil Rule 60. In her motion, appellant asserted she was entitled to relief on the grounds of inadvertence and/or excusable neglect and/or equitable grounds. In support of her motion, appellant submitted her own affidavit in which she avers she contacted Attorney O. Joseph Murray's office on May 19, 1998, the day she received the summons, and was given the first available appointment of June 1, 1998. The secretary advised appellant she had 28 days in which to file an answer, leaving appellant with the belief her defenses would be protected. Appellant further states she had defenses she wished to assert against appellee. Specifically, appellant maintains the automobile, for which the balance is allegedly owed, was defective and was returned to Schonauer Motors during the warranty period, but the dealer refused to pay for the repairs. Additionally, appellant states Schonauer Motors sold the vehicle without providing her notice and in a commercially unreasonable manner. Via Judgment Entry filed June 11, 1998, the trial court denied appellant's Motion for Relief from Judgment without hearing.
It is from this judgment entry appellant appeals, raising as her sole assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO HOLD AN EVIDENTIARY HEARING ON DEFENDANT-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT FILED UNDER CIVIL RULE 60.
Herein, appellant maintains the trial court erred as a matter of law in failing to conduct an evidentiary hearing on her Motion for Relief from Judgment. Specifically, appellant contends her affidavit in support of her Motion for Relief from Judgment contains sufficient operative facts, which, if proven at trial, would constitute a defense to appellee's complaint, and as such, an evidentiary hearing should have been conducted.
Civ. R. 60(B) provides, in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
 To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
 GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Pursuant to this rule, the trial court is not required to grant the movant a hearing on the motion. Adomeit v. Baltimore
(1974), 39 Ohio App.2d 97, 103. However, "[i]f the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion." Kay v.Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 19 (Citation omitted). On the other hand, if "the material submitted by the movant does not provide operative facts which demonstrate that relief is warranted, the trial court may deny the motion without holding a hearing." Gaines Stern Co., L.P.A. v.Schwarzwald, Robiner, Wolf Rock Co., L.P.A. (1990), 70 Ohio App.3d 643,646 (Citations omitted).
Applying the foregoing, we must determine whether appellant's motion and supporting affidavit contain allegations of operative facts which would warrant relief under Civ. R. 60(B).
Our initial inquiry is whether appellant has alleged operative facts which would give rise to a meritorious defense. First, appellant alleges the automobile, which was still under warranty, was defective and Schonauer Motors refused to pay for the repairs. Second, appellant alleges Schonauer Motors failed to dispose of the automobile in a proprietary or legal manner, and failed to provide her with notice of the date of the sale. This allegation, if sufficiently raised, would shift the burden onto appellee to show the automobile had been disposed of in a commercially reasonable manner. If appellee failed to make such a showing, then appellant could assert the unreasonable disposition of collateral as a meritorious defense. See, UnitedStates v. Willis (C.A.6, 1979), 593 F.2d 247, 254; Liberty Bankv. Greiner (1978), 62 Ohio App.2d 125. Thus, appellant has alleged operative facts which would support a meritorious defense to the judgment and has satisfied the first prong of the GTE Automatic test. Additionally, appellant's motion was timely filed; therefore, appellant has also satisfied the third prong of the GTE Automatic test.
We now move to the second prong of the GTE Automatic test. Appellant's motion essentially alleges "excusable neglect" under Civ. R. 60(B)(1). In her affidavit, appellant avers she called Attorney Murray's office on May 19, 1998, the day she received the summons, but was unable to see her attorney until June 1, 1998. Furthermore, the secretary advised appellant she had twenty-eight days in which to file an answer, which led appellant to the mistaken belief her defenses would be protected.
In Kay v. Marc Glassman, supra, the Ohio Supreme Court noted:
 The term "excusable neglect" is an elusive concept which has been difficult to define and to apply. Nevertheless, we have previously defined "excusable neglect" in the negative and have stated that the inaction of a defendant is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system."
 Id. at 20. (Citations omitted).
In the instant action, the summons appellant received on May 19, 1998, clearly advises her "the court will hold trial on this claim in the Small Claims Division located at Mansfield Municipal Court * * * at 2:00 o'clock P.M. on Wednesday, the 27th day of May, 1998." When the secretary scheduled appellant's appointment with the Attorney Murray five days past the trial date, appellant, who had notice of the trial date, had an obligation, despite her lack of legal sophistication, to advise the secretary of this fact. Accordingly, we find appellant's failure to inform Attorney Murray's secretary of the trial date does not constitute excusable neglect as a matter of law. Appellant has failed to satisfy the second prong of the GTE Automatic test. Because appellant did not allege operative facts which would warrant relief under Civ. R. 60(B), we find the trial court did not abuse its discretion in overruling her Motion for Relief from Judgment without a hearing.
Appellant's sole assignment of error is overruled.
The judgment entry of the Mansfield Municipal Court is affirmed.
By: Hoffman, J., Wise, P.J. and Farmer, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mansfield Municipal Court is affirmed. Costs assessed to appellant.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] Appellee did not file a brief in this Court.