DECISION AND JOURNAL ENTRY
Defendant/appellant/cross-appellee Scott DeBerte[1] and plaintiff/appellee/cross-appellant Denise DeBerte both appeal a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that granted in part and denied in part a motion for relief from judgment. This Court affirms in part and reverses in part.
Mr. and Ms. DeBerte were married on September 14, 1985, in Wadsworth, Ohio. Three children were born as issue of the marriage.
On January 13, 1998, Ms. DeBerte filed a complaint for divorce in the Summit County Court of Common Pleas, Domestic Relations Division. Mr. DeBerte answered and counterclaimed on February 17, 1998.
On April 16, 1998, the parties appeared before a magistrate. Ms. DeBerte appeared with her attorney, and Mr. DeBerte appeared without counsel. The parties stipulated that they had entered into a separation agreement and that Mr. DeBerte would dismiss his counterclaim. Based on the parties' representations in court, the magistrate issued a decision granting a divorce and incorporating the separation agreement. The trial court adopted the magistrate's decision.
On October 6, 1998, Mr. DeBerte moved for relief from judgment under Civ.R. 60(B). Mr. DeBerte argued that at the time the parties entered into the separation agreement he was obsessed with Ms. DeBerte, that he did anything she asked of him, including firing his attorney, in the hope that she would take him back, and that he suffered from depression and other mental and emotional problems. He argued that the separation agreement should be vacated as to the property division, spousal support, child support, and the division of parental rights and responsibilities.
The trial court held a hearing on December 18, 1998. No testimony was taken, but the parties' attorneys argued the issue of whether the motion should be granted.
On January 5, 1999, the trial court issued its decision. The court granted Mr. DeBerte's motion for relief from judgment as to the property division, spousal support, and child support. The trial court denied the motion as to parental rights and responsibilities, stating that the court believed that Mr. DeBerte must move for a modification based on changed circumstances.
Mr. and Ms. DeBerte both timely appeal to this Court. Mr. DeBerte asserts two assignments of error, and Ms. DeBerte presents one cross-assignment of error.
 Assignment of Error No. I THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO GRANT DEFENDANT-APPELLANT'S REQUEST FOR AN EVIDENTIARY HEARING PURSUANT TO DEFENDANT-APPELLANT'S MOTION TO VACATE JUDGMENT ON THE ISSUE OF PARENTAL RIGHTS AND RESPONSIBILITIES.
 Cross-Assignment of Error THE TRIAL COURT ERRED IN GRANTING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT WITH RESPECT TO THE PARTIES' MUTUALLY AGREEABLE DIVISION OF PROPERTY.
In the first assignment of error, Mr. DeBerte argues that the trial court erred by not granting an evidentiary hearing on the portion of the motion for relief from judgment dealing with parental rights and responsibilities. Ms. DeBerte argues in her cross-assignment of error that the trial court erred by granting the motion for relief from judgment as to the division of property.[2] Because both arguments relate to the propriety of the trial court's ruling on the motion for relief from judgment, they will be addressed together.
To prevail on a Civ.R. 60(B) motion, a party must meet three requirements:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. All three requirements must be met for the motion to be granted. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
A party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing. See Gaines Stern Co., L.P.A. v. Schwarzwald, Robiner, Wolf Rock Co.,L.P.A. (1990), 70 Ohio App.3d 643, 646.
 If * * * the material submitted by the movant contains allegations of operative facts demonstrating that relief is warranted, the trial court should grant the movant a hearing to take evidence and either verify or discredit the asserted facts. If, on the other hand, the material submitted by the movant does not provide operative facts which demonstrate that relief is warranted, the trial court may deny the motion without holding a hearing.
(Citations omitted.) Id. All operative facts must be presented with the motion; the movant cannot wait to present operative facts at a hearing. See Salem v. Salem (1988),61 Ohio App.3d 243, 245.
When reviewing a trial court's decision on a Civ.R. 60(B) motion, an appellate court may not overturn the trial court unless it abused its discretion. Rose Chevrolet, Inc.,36 Ohio St.3d at 20. To constitute an abuse of discretion, the trial court's action must be arbitrary, unreasonable, or unconscionable. Stateex rel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469.
In support of his motion for relief from judgment, Mr. DeBerte attached his own affidavit and copies of several deeds and trust documents. Mr. DeBerte's affidavit stated that he was severely depressed and "became a willing pawn" to Ms. DeBerte after she told him that she wanted a divorce. He asserted that he "was not in a position to look out of [sic] [his] own best interest." The affidavit also stated that, while he was in this fragile state, Ms. DeBerte convinced him to divide their property unequally (presumably through the separation agreement, which was signed on April 7, 1998) and to place all of his property (real estate and vehicles) in trust.[3] Mr. DeBerte further averred in his affidavit that he "was not even aware of many of the documents that [he] signed at [Ms. DeBerte's] request until August or September of [1998]."
The initial pleadings in the divorce proceeding were filed by February 1998. The separation agreement was signed on April 7, 1998; it is unknown when the trust documents were executed. The hearing before the magistrate on the divorce took place on April 16, 1998, and the trial court adopted the magistrate's decision and entered the divorce decree on April 20, 1998. In June 1998, Mr. DeBerte moved to hold Ms. DeBerte in contempt and for a change in custody. A hearing was held on the motions in July 1998. His motion for relief from judgment was not filed until October 6, 1998.
This Court concludes that Mr. DeBerte's motion was not timely. Mr. DeBerte had the full time between April 20, 1998, and October 6, 1998, to file the motion but did not do so. During that time, he was sufficiently able to comprehend his legal rights to file motions for contempt and for change in custody. The period of delay before he filed his Civ.R. 60(B) motion was of such a length as to render the motion untimely.
Because the Civ.R. 60(B) motion was untimely, the trial court did not abuse its discretion by denying Mr. DeBerte's motion with regard to parental rights and responsibilities. As such, Mr. DeBerte's first assignment of error is overruled. Conversely, the trial court did abuse its discretion by granting the motion as to the division of property. Accordingly, Ms. DeBerte's cross-assignment of error is sustained.
 Assignment of Error No. II THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THAT DEFENDANT-APPELLANT WAS NOT ENTITLED TO RELIEF FROM JUDGMENT ON THE ISSUE OF PARENTAL RESPONSIBILITIES, RATHER IT REQUIRED DEFENDANT-APPELLANT TO FILE A MOTION TO MODIFY CUSTODY ON THE BASIS OF CHANGE OF CIRCUMSTANCE.
In his second assignment of error, Mr. DeBerte argues that the trial court erroneously denied his motion for relief from judgment on the issue of parental rights and responsibilities on the grounds that the issue should be resolved by a motion to modify parental rights and responsibilities instead of by a Civ.R. 60(B) motion. While Mr. DeBerte's argument is correct, see Tatom v. Tatom (1984),19 Ohio App.3d 198, 200, it is moot. As was discussed above, his motion for relief from judgment was untimely. Although the trial court gave an incorrect reason for the denial of that part of his motion, the denial was correct nonetheless. See State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89,92. Mr. DeBerte's second assignment of error is overruled.
Mr. DeBerte's two assignments of error are overruled. Ms. DeBerte's sole cross-assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant/Cross-Appellee. Exceptions.
 _____________________________ DONNA J. CARR, FOR THE COURT.
WHITMORE, J. CONCURS.
SLABY, P.J. CONCURS IN JUDGMENT ONLY.
[1] Alternately spelled "Deberte" in various documents filed in the trial court.
[2] Neither party has addressed the trial court's decision to vacate the portions of the separation agreement relating to spousal support and child support. Therefore, the trial court's ruling on those issues will not be addressed.
[3] The trusts, copies of which were attached to the motion, named the DeBerte children as beneficiaries and Mr. DeBerte as trustee, with the provision that if Mr. DeBerte became mentally incapacitated Ms. DeBerte would become trustee. There is no indication on those copies when the trusts were executed.