DECISION AND JOURNAL ENTRY
Appellant, Joan Hall, appeals an order of the Lorain County Court of Common Pleas denying her motion for relief from judgment. We affirm.
On August 18, 1997, Appellant filed a complaint in the trial court, naming Appellee, Paragon Steakhouse Restaurants, d.b.a. Mountain Jack's, as defendant.[1] The complaint alleged that Appellant was injured at Appellee's restaurant in Elyria, Ohio, as a result of Appellee's negligence. Appellee answered the complaint. In June 1998, the matter was referred to arbitration.
An arbitration hearing was held on August 6, 1998. In lieu of testimony by Appellant, the parties agreed to submit the matter to the arbitrators on briefs and other written materials. In October 1998, the arbitrators ruled in favor of Appellee. Appellant asserts that her attorney never received notice of the arbitrators' decision.
On November 5, 1998, the trial court entered judgment, stating that no appeal from the arbitrators' decision had been filed in the time allotted by local rule. At some point in November 1998, Appellant learned of the trial court's judgment entry.
On June 28, 1999, Appellant moved for relief from judgment pursuant to Civ.R. 60(B)(1) and (5). Appellee responded to the motion on July 9, 1999. The trial court denied Appellant's motion on July 30, 1999. Appellant timely appealed to this court.
Appellant asserts two assignments of error. We will address each, beginning with the second assignment of error.
Second Assignment of Error
 THE TRIAL COURT ERRED IN FAILING TO GRANT THE [APPELLANT'S] MOTION FOR RELIEF FROM JUDGMENT.
Appellant argues in her second assignment of error that the trial court should have granted her Civ.R. 60(B) motion. We disagree.
To prevail on a Civ.R. 60(B) motion, a party must meet three requirements:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. All three requirements must be met for the motion to be granted. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
The appropriate standard for our review of a Civ.R. 60(B) determination is abuse of discretion. Quebodeaux v. Quebodeaux
(1995), 102 Ohio App.3d 502, 504. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Ponsv. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. S. OhioCoal Co. v. Kidney (1995), 100 Ohio App.3d 661, 667.
In the case at bar, Appellant first learned of the adverse arbitration decision in November 1998. Her motion was not filed until June 28, 1999. In her motion, Appellant's only statement justifying the seven month interval is as follows:
 [Appellant] submits that the within motion is timely filed and is well within the one year after the judgment order was entered by [the trial court]. During the intervening period from the entry of judgment [November 5, 1998] through to the present [June 28, 1999], research was conducted on the underlying issue in preparation of the within motion. [Appellant] submits that the within motion is timely filed and, therefore, satisfies the timeliness parameter.
 This statement appears in the motion; no statement justifying the delay appears in the accompanying affidavit.
We conclude that the trial court properly denied Appellant's motion as untimely. A seven month delay between the trial court's order and Appellant's motion to conduct "research" is not reasonable.
Appellant argues that her motion was timely because it was filed within one year of the trial court's judgment and "that for purposes of the timeliness argument, where no definitive test for timeliness is established, the court should be governed by the one year limitation period previously defined." This is clearly not the law in Ohio. A motion for relief from judgment under Civ.R. 60(B)(1), by the plain language of the rule, must be filed within one year and within a reasonable time. See Adomeit v. Baltimore
(1974), 39 Ohio App.2d 97, 106. Furthermore, a motion under Civ.R. 60(B)(5) is governed solely by the "reasonable time" standard. Appellant's argument is without merit.
The trial court did not abuse its discretion by denying Appellant's motion for relief from judgment. The second assignment of error is overruled.
First Assignment of Error
 THE TRIAL COURT ERRED IN DENYING THE [APPELLANT'S] MOTION FOR RELIEF FROM JUDGMENT WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING.
In her first assignment of error, Appellant contends that the trial court should not have ruled on her Civ.R. 60(B) motion without first holding an evidentiary hearing. She alleges that she presented sufficient facts in her motion and accompanying affidavit to warrant a hearing. We disagree.
A party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing. See Gaines Stern Co., L.P.A. v. Schwarzwald, Robiner, Wolf Rock Co.,L.P.A. (1990), 70 Ohio App.3d 643, 646.
 If * * * the material submitted by the movant contains allegations of operative facts demonstrating that relief is warranted, the trial court should grant the movant a hearing to take evidence and either verify or discredit the asserted facts. If, on the other hand, the material submitted by the movant does not provide operative facts which demonstrate that relief is warranted, the trial court may deny the motion without holding a hearing.
(Citations omitted.) Id. All operative facts must be presented with the motion; the movant cannot wait to present operative facts at a hearing. See Salem v. Salem (1988),61 Ohio App.3d 243, 245.
We have already found that Appellant did not present operative facts warranting relief from judgment with his Civ.R. 60(B) motion. Therefore, she was not entitled to a hearing on the matter. The first assignment of error is overruled.
Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY
FOR THE COURT BAIRD, P. J.
CARR, J.
 CONCUR
[1] Appellant had filed a complaint in April 1995 but dismissed that complaint under Civ.R. 41(A)(1)(a) prior to August 1997.