DECISION AND JUDGMENT ENTRY
This case is on appeal from the February 3, 2000 judgment of the Erie County Court of Common Pleas, Domestic Relations Division, which denied the motion of appellant, Russell E. Brennan Jr., for relief from the court's September 30, 1998 judgment. On appeal, appellant asserts the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 The Trial Court abused its discretion in upholding the Magistrate's Decision, which stated that the Trial Court is `without jurisdiction to rule on and/or enforce (Mag. Decision, p. 3)' Appellant's request to be reimbursed for Court costs pursuant to the May 1, 1998 Judgment Entry issued by the Sixth District Court of Appeals.
"SECOND ASSIGNMENT OF ERROR
 The Trial Court erred and abused its discretion in upholding the decision of the Magistrate, when Appellee's brief contained no supporting factual information, the Magistrate failed to take testimonial evidence before ruling on the Motion for Relief, and the Magistrate failed to verify or discredit Appellant's facts before ruling on Appellant's Motion for Relief.
"THIRD ASSIGNMENT OF ERROR
 The Trial Court abused its discretion in upholding the Magistrate's Decision, which ruled that `Defendant's motion attempts to relitigate issues previously presented and therefore is barred by res judicata. The Magistrate proposes Defendant's motion should be DENIED (Mag. Decision, p. 3)' and fails to recognize that the presence of the transcript provides new facts and therefore the doctrine of res judicata does not apply.
"FOURTH ASSIGNMENT OF ERROR
 The Trial Court abused its discretion in upholding the Magistrate's Decision, which ruled that `Defendant's motion attempts to relitigate issues previously presented and therefore is barred by res judicata. The Magistrate proposes Defendant's motion should be DENIED (Mag. Decision, p. 3)' and fails to recognize that the presence of the letter from Citizens Bank provides new facts and therefore the doctrine of res judicata does not apply.
"FIFTH ASSIGNMENT OF ERROR
 The Trial Court abused its discretion in upholding the Magistrate's Decision, which ruled that `Defendant's motion attempts to relitigate issues previously presented and therefore is barred by res judicata. The Magistrate proposes Defendant's motion should be DENIED (Mag. Decision, p. 3)' and fails to recognize that the Judgment Entry filed 6/22/99 provides new facts and conditions and therefore the doctrine of res judicata does not apply.
"SIXTH ASSIGNMENT OF ERROR
 The Trial Court abused its discretion in upholding the Magistrate's Decision, which ruled that `Defendant's motion attempts to relitigate issues previously presented and therefore is barred by res judicata. The Magistrate proposes Defendant's motion should be DENIED (Mag. Decision, p. 3)' and fails to recognize that several issues brought forth in Appellant's 60(B) motion were not `previously presented'.
"SEVENTH ASSIGNMENT OF ERROR
 The Trial Court abused its discretion in upholding the Magistrate's Decision, which ruled that "Defendant's motion attempts to relitigate issues previously presented and therefore is barred by res judicata. The Magistrate proposes Defendant's motion should be DENIED (Mag. Decision, p. 3)' and fails to recognize that Appellee's testimony regarding the New Life fitness debt was fraudulent, the doctrine of res judicata does not apply, and Appellant should have been granted relief due to misconduct on the part of the prevailing party.
"EIGHTH ASSIGNMENT OF ERROR
 The Trial Court abused its discretion in upholding the Magistrate's Decision, which ruled that `Defendant's motion attempts to relitigate issues previously presented and therefore is barred by res judicata. The Magistrate proposes Defendant's motion should be DENIED (Mag. Decision, p. 3)' and fails to recognize that Appellee's testimony regarding the Firelands Hospital lawsuit was fraudulent, the doctrine of res judicata does not apply, and Appellant should have been granted relief due to misconduct on the part of the prevailing party.
"NINTH ASSIGNMENT OF ERROR
 The Trial Court abused its discretion in upholding the Magistrate's Decision, which ruled that `Defendant's motion attempts to relitigate issues previously presented and therefore is barred by res judicata. The magistrate proposes Defendant's motion should be DENIED (Mag. Decision, p. 3)' and fails to recognize Appellee's testimony regarding the overdrawn checking account was fraudulent, the doctrine of res judicata does not apply, and Appellant should have been granted relief due to misconduct on the part of the prevailing party.
"TENTH ASSIGNMENT OF ERROR
 The Trial Court abused its discretion in `cautioning the Defendant's colleague, Kim Chase, from engaging in conduct that may be deemed the unauthorized practice of law (Feb. 3, 2000 JE)'."
Appellant and appellee, Lisa A. Sharp, were divorced in 1992. In 1995, appellant moved to reduce his child support obligation due to a disability. On April 28, 1997, appellee filed a motion to show cause alleging that appellant had not made his support payments and was in arrears. Appellant's motion to reduce his child support obligation was denied on October 27, 1997. This order was reversed, in part, on appeal and remanded for further proceedings. This court concluded in its May 1, 1998 decision that the trial court erred by imputing to appellant his former full-time wages after he quit his job to seek rehabilitation because of a disability and by issuing an indefinite order as to appellant's health care coverage obligation. Appellee was ordered to pay the appellate court costs pursuant to App.R. 24.
On September 30, 1998, the lower court granted appellee's motion to show cause filed on April 28, 1997. Based upon evidence submitted during a hearing held on September 23, 1997, the magistrate's decision of October 9, 1997, and appellant's objections, the court found appellant in contempt for failure to comply with the court's order of November 3, 1992 regarding child support and payment of marital debts. The court sentenced him to thirty days in jail and fined him $250. The court further ordered that appellant could purge his contempt and have his jail sentence and $100 of the fine suspended if he began paying his support obligation of $130 and an additional $100 each week on the arrears, plus poundage, paid $150 of the fine and court costs by January 1, 1998, and complied with all current and future orders of the court.
On October 2, 1998, appellant moved for a retrial on the motion to show cause. Appellant's motion was denied on December 1, 1998, on the grounds that it did not present any issues that were not already considered by the court. We affirmed the decision of the trial court on May 11, 1999.
On June 29, 1999, the lower court issued a separate order noting the parties' agreement and ordering that appellant's weekly child support obligation be reduced for the period of August 24, 1995 through November 31, 1997 to $88 and set at $125 from December 1, 1997 onward, plus $100 each week in payment of appellant's child support arrears. The court also ordered that appellee provide medical insurance coverage for the minor children.
On July 27, 1999, appellant filed a motion for appellee to pay for the preparation of the trial transcript submitted in the 1997 appeal. The following month, on August 2, 1999, appellant filed two Civ.R. 60(B) motions for relief from the judgments entered on September 30, 1998 (finding appellant in contempt of court) and June 28, 1999 (determining appellant's child support obligation and the heath insurance coverage for the minor children). A hearing on the motions was held on December 6, 1999.
In the motion for relief from the September 30, 1998 judgment, appellant alleges that the trial court erred by considering the motion to show cause, by modifying a prior order without a proper motion or due process, by finding appellant in contempt of an order made within the same order, by making factual findings based upon appellee's false testimony, and by finding him in contempt of the child support order when that order was vacated by an appellate court. All of these same arguments were made in the October 2, 1998 motion for retrial of the motion to show cause.
The magistrate held in its January 6, 2000 decision that the lower court lacked jurisdiction to enforce the court of appeal's mandate that appellee pay the appellate court costs. The magistrate also denied appellant's motion for relief from judgment on the ground that the litigation of the issues was barred under the doctrine of res judicata. Appellant filed objections to the magistrate's report on January 19, 2000. The magistrate's decision was approved and adopted by the trial court in a February 4, 2000 judgment. Appellant sought an appeal from this decision on February 23, 2000.
On appeal, appellant has filed a partial transcript of the December 6, 1999 hearing, stating that he has excluded those portions concerning the motion for relief from the June 28, 1999 judgment.
In his first assignment of error, appellant argues that the trial court erred by finding that it lacked jurisdiction to enforce the appellate court's mandate of May 1, 1998 that appellee pay the court costs incurred on appeal. We find appellant's assignment of error not well-taken. The trial court does not have jurisdiction to enforce our order regarding the payment of court costs incurred on appeal.
Appellant argues in his second assignment of error that the trial court erred by denying his motion for relief from judgment without giving him an opportunity to present his evidence at a hearing. The movant is entitled to a hearing only if he alleges operative facts which demonstrate that the relief requested would be warranted. Gaines Stern Co., L.P.A. v.Schwarzwald, Robiner, Wolf, Rock, Co., L.P.A. (1990), 70 Ohio App.3d 643,646, and Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,103-105. We review the trial court's ruling on the necessity for a hearing under an abuse of discretion standard. Supra.
Since we find in the following assignments of error that the court properly applied the doctrine of res judicata in this case, we find that the trial court did not abuse its discretion by denying the motion without a hearing. Appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant argues that the doctrine of res judicata should not be applied in this case because he has presented new facts.
Generally, an appellate court will not reverse the trial court's ruling on a motion for relief from judgment unless it finds that the trial court abused its discretion. In re Whitman
(1998), 81 Ohio St.3d 239, 241. A Civ.R. 60(B) motion may be denied on the basis of res judicata. Cadle Co. v. White (1999), Hamilton App. No. C-980492, unreported. The issue of whether the doctrine of res judicata is applicable is a question of law, which the appellate court reviews de novo. RohnerDistributors v. Pantona (Apr. 8, 1999), Cuyahoga App. No. 75066, unreported. Under the doctrine of res judicata, a party cannot litigate an issue that was previously fully litigated between the parties and determined in a final judgment on the merits by a court of competent jurisdiction. Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 382.
While appellant alleges that he sought to present new facts at the hearing on his motion, he was really presenting the transcript of the contempt hearing that he failed to include with his 1998 appeal. This transcript does not constitute new facts. Furthermore, because of the doctrine of res judicata, appellant cannot present new facts to litigate an issue already determined by the court. Appellant's third assignment of error is not well-taken.
In his fourth assignment of error, appellant argues that the issue of how much he owed on the debt to Ohio Citizens Bank was not supported by any evidence because the court did not require appellee to prove the amount of the debt. Since the issue of the debt was raised in the motion to show cause, appellant has had the opportunity to challenge the amount of the debt, but failed to do so. Therefore, he is precluded from doing so now under the doctrine of res judicata. Appellant's fourth assignment of error is not well-taken.
In his fifth assignment of error, appellant argues that the issue of whether he was in contempt for failure to pay child support is a new issue because the trial court did not recalculate his child support obligation until June 1999. Even though the trial court did not recalculate appellant's child support obligation until 1999, the issue of whether he should be held in contempt after this court had reversed the trial court's order denying a reduction in child support was presented in his motion for retrial and affirmed on appeal. Thus, he is precluded from litigating this issue again. Appellant's fifth assignment of error is not well-taken.
In his sixth assignment of error, appellant argues that he presented two new issues in his motion for relief from judgment. Upon a review of both motions, we find that appellant raised the same issues in both motions. The only new "issues" he raises are that he has now obtained factual evidence to support his case. Appellant is barred under the doctrine of res judicata
from presenting such evidence to litigate the same issues a second time. Appellant's sixth assignment of error is not well-taken.
In his seventh, eighth, and ninth assignments of error, appellant argues that the doctrine of res judicata does not apply where he has proof that appellee committed perjury and fraud during the contempt hearing. We disagree. Appellant raised these same issues during his motion for retrial. He cannot do so again. Appellant's seventh, eighth, and ninth assignments of error are not well-taken.
In his tenth assignment of error, appellant argues that the trial court improperly cautioned appellant's friend, Kim Chase, from engaging in conduct that may be deemed to be the unauthorized practice of law. Since this cautionary instruction is not an order of the court, we do not have jurisdiction to review it on appeal.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
 __________________________ HANDWORK, J.
 James R. Sherck, J., George M. Glasser, J., JUDGES CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.