OPINION
Defendant-appellant, Marino Capra ("appellant"), appeals from the grant of summary judgment in favor of plaintiff-appellee, Terry Neely ("Neely"), in a breach of contract case. Appellant also appeals from the decision of the trial court overruling his Civ.R. 60(B) motion for relief from judgment.
On January 13, 1999, Neely filed a complaint for breach of contract in the Willoughby Municipal Court. Neely alleged appellant hired him to install brick veneer at 9076 Westwood Road in Kirtland, Ohio. Neely claimed appellant owed him seven thousand dollars ($7,000) for services rendered. On January 27, 1999, appellant filed his answer and counterclaim. In his five-count counterclaim, appellant claimed he and Neely entered into a contract for mason work at a new home located at 28399 Raven Road in Pepper Pike, Ohio. The counterclaim then refers to the contract attached as Exhibit "1". That exhibit states the location of the project was 9076 Westwood Drive in Kirtland, Ohio. Appellant claimed Neely did not perform the construction work in a workmanlike manner or complete the contract.
On February 2, 1999, the Willoughby Municipal Court determined it did not have jurisdiction over the matter as the counterclaim exceeded the monetary limits of the court. The municipal court certified the action to the Lake County Court of Common Pleas.
On March 24, 1999, Neely answered the counterclaim, denying the allegation in the complaint regarding the Pepper Pike property and denying that Exhibit "1" referred to property located in Pepper Pike. On June 13, 2000, both parties requested that the matter be ordered to arbitration. The arbitrators awarded judgment for Neely in the amount of seven thousand dollars ($7,000) plus costs. Appellant appealed the decision of the arbitration board to the court of common pleas.
On October 23, 2000, Neely filed a motion for summary judgment in which he argued, with regard to the counterclaim, that he never performed any work at the Pepper Pike property. Neely stated the only work he did for appellant was at the property located in Kirtland. Neely asserted appellant presented no evidence in support of the allegations regarding the Pepper Pike property, entitling Neely to summary judgment on the counterclaim. Appellant's brief in opposition to summary judgment, filed November 13, 2000, only addressed the contentions raised regarding Neely's complaint and not the argument pertaining to the counterclaim. On February 1, 2001, the trial court denied Neely summary judgment on his complaint but granted summary judgment on the counterclaim. The trial court relied upon Neely's affidavit in which he averred he never contracted to install brick for appellant at the Pepper Pike property. The trial court disregarded the Kirtland address shown on the contract attached to the counterclaim as Exhibit "1". The trial court stated there was no just cause for delay.
On February 12, 2001, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1), contending a former attorney mistakenly stated the wrong address in the counterclaim, and that the property at issue was that located in Kirtland. Appellant claimed he instructed his former attorney to correct the mistake and was unaware that the attorney did not comply. Appellant stated both parties knew his claims related to the Kirtland property and that Neely was not prejudiced by the error.
On May 1, 2001, the trial court denied appellant's Civ.R. 60(B)(1) motion. The trial court imputed the neglect of appellant's first attorney to appellant. Appellant has appealed both from the grant of summary judgment and from the denial of his motion for relief from judgment. The appeals have been consolidated for purposes of review and determination.
In his first assignment of error, appellant contends that the brief reference to the Pepper Pike address was refuted by his attachment of an expert's report, which specifically refers to the Kirtland property. Appellant argues a genuine issue of material facts exists as to whether the counterclaim is in regard to the Pepper Pike property or the Kirtland property. Appellant submits the counterclaim was ambiguous because Exhibit "1" shows the Kirtland property was the site of the disputed work while the counterclaim states work was done at the Pepper Pike address.
On appeal, a reviewing court conducts a de novo review of a trial court's summary judgment entry. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. A de novo review requires an independent review of the trial court's decision without deference to it. Brown v. SciotoBd.of Commrs. (1993), 87 Ohio App.3d 704, 711.Summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, viewed in the light most favorable to the nonmoving party, that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Civ.R. 56(C);Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370.
Once a moving party satisfies his or her burden of supporting the motion for summary judgment with sufficient and acceptable evidence, Civ.R. 56(E) provides that a nonmoving party may not rest upon allegations or denials of the moving party's pleadings. Rather, the nonmoving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996),75 Ohio St.3d 447, 449. If the nonmoving party does not satisfy this reciprocal burden or fails to produce any evidence supporting an essential element of his claim, then summary judgment, if appropriate, will be granted against the nonmoving party. Civ.R. 56(E). The principal purpose for Civ.R. 56(E) is to allow the court to analyze the evidence in order to determine whether there exists an actual need for a formal trial. Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau
(2000), 88 Ohio St.3d 292, 300.
In his brief in opposition, appellant never mentions Neely's argument that summary judgment should be granted on the counterclaim because Neely did not perform any work at the Pepper Pike address. Appellant only addresses the arguments relating to Neely's complaint. There is nothing in the brief regarding the Pepper Pike address or any assertion that a mistake had been made. Appellant bore the burden of countering Neely's arguments regarding the counterclaim by setting forth specific facts showing a dispute of material fact existed, precluding the application of summary judgment, and by supporting those facts with pertinent evidence. Appellant failed to do so. Therefore, the trial court correctly granted Neely summary judgment on appellant's counterclaim. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant challenges the trial court's denial of his Civ.R. 60(B)(1) motion for relief from judgment. Appellant maintains the trial court abused its discretion by overruling the motion because he submitted an expert's report showing Neely failed to perform work properly at the Kirtland property.
An appellate court will not reverse a ruling on a Civ.R. 60(B) motion absent a showing of an abuse of discretion by the trial court. Kay v.Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 19. An abuse of discretion is defined as conduct which is unreasonable, arbitrary, or unconscionable. State ex rel. Edwards v. Toledo City School Dist. Bd. ofEdn. (1995), 72 Ohio St.3d 106, 107.
In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." Cuyahoga SupportEnforcement Agency v. Guthrie (1999), 84 Ohio St.3d 437, 440, citing GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Civ.R. 60(B) is improper if one of the requirements is not satisfied. Strack v. Pelton (1994), 70 Ohio St.3d 172,174.
The behavior of a party's attorney generally will be imputed to his or her client. Mayor v. WCI Steel, Inc. (Mar. 16, 2001), Trumbull App. No. 2000-T-0054, unreported, 2001 Ohio App. LEXIS 1241. This is because a party voluntarily chooses his attorney and cannot avoid the consequences of the acts or omissions of his freely selected agent through a motion for relief from judgment. Brown v. Akron Beacon Journal Publishing Co. (1991), 81 Ohio App.3d 135, 140. A party may be granted relief from judgment under Civ.R. 60(B)(1) if counsel's actions constitute "excusable neglect." Mayor, supra.
As noted by the trial court in its judgment entry, the error at issue was made by appellant's first attorney. Appellant subsequently engaged three other attorneys, none of whom bothered to correct the error. Eight months after the counterclaim was filed, appellant responded to Neely's discovery requests, which included an inquiry about the Pepper Pike property, putting appellant on notice that the mistake was not corrected. None of appellant's four attorneys corrected the mistake in more than two years of litigation.
Further, appellant's Civ.R. 60(B) motion never addressed the issue of any meritorious claim appellant had against Neely. Appellant's argument in his motion only was in regard to the issue of the mistaken address. None of the evidence attached in support of the motion provides support for a meritorious claim by appellant as required by GTE Automatic Elec.Inc., supra. Therefore, appellant did not meet his burden on two of the three elements set forth in GTE Automatic Elec. Inc. The trial court did not abuse its discretion by denying appellant's Civ.R. 60(B)(1) motion for relief from judgment. Appellant's second assignment of error lacks merit.
In his third assignment of error, appellant disputes the trial court's denial of his Civ.R. 60(B)(1) motion without first holding a hearing. Appellant asserts his motion was supported by allegations of operative facts in evidentiary form, justifying the requested relief.
Generally, a trial court is not required to grant a hearing on a motion for relief from judgment. Gaines Stern Co., L.P.A. v. Schwarzwald,Robiner, Wolf Rock Co., L.P.A. (1990), 70 Ohio App.3d 643. If a movant does not present the necessary operative facts, a hearing is not required. Coulson v. Coulson (1983), 5 Ohio St.3d 12.
Appellant did not present sufficient operative facts demonstrating the actions by his four attorneys, in not correcting the pleading error, constituted excusable neglect. Further, appellant never addressed the issue of whether he had a meritorious claim to present in his motion. Based upon both of these reasons, the trial court did not abuse its discretion by denying the Civ.R. 60(B)(1) motion without holding a hearing. Appellant's third assignment of error is overruled.
The judgment of the Lake County Court of Common Pleas is affirmed.
JUDGE DIANE V. GRENDELL, FORD, P.J., CHRISTLEY, J., concur.