[Cite as *In re K.A.P*, 2026-Ohio-1710.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| | |
|---|---|
| IN THE MATTER OF: THE ADOPTION OF K.A.P., J.D.P., V.C.P., A.E.S.P. | Case No. 2025 CA 0095<br>2025 CA 0096<br>2025 CA 0097<br>2025 CA 0098<br><br>Opinion And Judgment Entry<br><br>Appeal from the Richland County Court of Common Pleas, Probate Division, Case Nos. 20245016, 20245017, 20245018, 20245019<br><br>Judgment: Affirmed<br><br>Date of Judgment Entry: May 11, 2026 |

**BEFORE:** Craig R. Baldwin; Kevin W. Popham; David M. Gormley, Judges

**APPEARANCES:** MICHAEL L. BROWN, for Plaintiffs-Appellants; THOMAS M. MCCASH, for Defendants-Appellees.

*Baldwin, P.J.*

{¶1}  Appellants D.D.P. and M.A.P. appeal the Richland County Probate Court's October 20, 2025, Order denying their Civ.R. 60(B) Motion for Relief from the court's October 22, 2024, Judgment Entries of Adoption of minor children K.A.P., J.D.P., V.C.P., and A.E.S.P.  Appellees are M.A.J. and J.E.J.

**STATEMENT OF FACTS AND THE CASE**

{¶2}  Appellant D.D.P. is the biological father of minor children K.A.P., J.D.P., V.C.P., and A.E.S.J.; appellant M.A.P. is their biological mother.  Appellees are the maternal grandparents of the minor children. On November 29, 2023, the Richland

County Juvenile Court designated appellees as the legal custodians of three of the minor children due to the appellants' continued struggle with drug use and abuse.

{¶3} On April 4, 2024, the appellees filed a Petition for Adoption of the minor children with the Richland County Probate Court, which was served upon the appellants via publication. The probate court scheduled a consent hearing on May 30, 2024, and a best interest hearing on June 20, 2024. D.D.P. appeared at the consent hearing. Although paternal grandmother J.B. appeared at the consent hearing, she did not testify on D.D.P.'s behalf, nor did she move to intervene or otherwise participate in the adoption proceedings at that time. The probate court issued a Judgment Entry on May 30, 2024, finding that M.A.P.'s consent was not required because she failed to file an objection to the Petition for Adoption within 14 days of service of notice of the Petition, and found that D.D.P.'s consent was not required because he failed without justifiable cause to provide for the maintenance and support of the minor children for a period of at least one year prior to the date the Petition was filed. D.D.P. appealed the court's decision, but his appeal was dismissed by this Court due to D.D.P.'s failure to file an appellate brief. Accordingly, the appellants' consent to the appellees' adoption of the minor children is not at issue.

{¶4} D.D.P. moved for a continuance of the best interest hearing, which the probate court granted, rescheduling the hearing for September 30, 2024. On September 26, 2024, paternal grandmother J.B. filed a motion to intervene, which the court denied on September 27, 2024. The best interest hearing proceeded as scheduled. The appellants both appeared for the best interest hearing and were represented by counsel; paternal grandmother J.B. was also present in the courtroom. During the hearing, the probate court stated, on the record, that "[t]hrough discussion, everyone has agreed to the adoption being granted in all four cases with some matters regarding ongoing visitation

with [Paternal Grandmother.]" The parties told the court that they had arrived at a "gentlemen's agreement" regarding J.B.'s visitation with the children. The court determined that adoption was in the best interests of the minor children, issued the final decrees of adoption on September 30, 2024, and granted the adoption petitions in an October 11, 2024, Judgment Entry.

{¶5} The appellants appealed the probate court's September 27, 2024, denial of paternal grandmother J.B.'s motion to intervene in the adoption matter, and appealed the court's October 11, 2024, Judgment Entry granting the adoption petition. This Court affirmed those decisions in *In re Adoption of J.D.P.,* 2025-Ohio-1565 (5th Dist.), *appeal not accepted*, 2025-Ohio-2888, noting that "[w]hile the gentlemen's agreement regarding Paternal Grandmother's visitation may have been a consideration in the probate court's ultimate decision to grant the four (4) adoptions, it does not appear to have been a significant factor, if at all, upon which the probate court relied in making its best interest determination." *Id.* at ¶ 18.

{¶6} On October 10, 2025, the appellants filed a Motion for Relief from Judgment Pursuant to Civ.R. 60(B), arguing that the appellees failed to honor the "gentlemen's agreement" regarding J.B.'s visitation with the minor children, and that said failure to follow the terms of the "gentlemen's agreement" constituted fraud, misrepresentation, and/or misconduct under Civ.R. 60(B)(3). In addition, the appellants argued that relief was warranted under Civ.R. 60(B)(5) because "the continued enforcement of the judgment under these circumstances would be unjust and inequitable, contrary to the child's best interest."

{¶7} On October 20, 2025, the probate court issued an Order Denying [M.J. and D.P.'s] Motions for Relief From Judgment Pursuant to Civ.R. 60(B), holding that the

appellants had failed to show any operative facts demonstrating that they had a meritorious defense or claim; that they failed to show that they were entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and, that the Motion was barred by R.C. 3107.16(B).

{¶8} The appellants filed a timely appeal in which they set forth the following sole assignment of error:

{¶9} "I. THE PROBATE COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANTS' DUE PROCESS RIGHTS BY DENYING THEIR CIV.R. 60(B) MOTION WITHOUT AN EVIDENTIARY HEARING WHERE THE MOTION AND SUPPORTING AFFIDAVITS ALLEGED OPERATIVE FACTS OF FRAUD, MISREPRESENTATION, AND COERCION IN THE PROCUREMENT OF THE ADOPTION DECREES."

{¶10} The appellants argue that the probate court erred when it denied their Civ.R. 60(B) motion. We disagree.

## STANDARD OF REVIEW

{¶11} To prevail on a motion to vacate a judgment pursuant to Civ. R. 60(B), the movants must demonstrate that: (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and, (3) the motion is made within a reasonable time, and where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment. *GTE Automatic Electric Company, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The *GTE* factors are "independent and conjunctive, not disjunctive." *Blaney v. Kerrigan,* 1986 Ohio App. LEXIS 7866, *4 (5th Dist. Aug. 4, 1986). Thus, "failing to meet one is fatal, for all three must be satisfied in order to gain relief." *Id.* at *5. Our standard of review of a court's decision as to whether

to grant a Civ. R. 60(B) motion is abuse of discretion. *GTE* at 148. In order to find an abuse of discretion, the court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## ANALYSIS

**{¶12}** R.C. 3107.16(B) addresses when an adoption decree can be vacated, and states:

> (B) Except as provided in division (C) of this section and subject to the disposition of an appeal, upon the expiration of six months after an adoption decree is issued, the decree cannot be vacated by the court upon a motion by any person, including the petitioner, in any manner or upon any ground, including fraud, misrepresentation, failure to give any required notice, or lack of jurisdiction of the parties or of the subject matter, unless, in the case of the adoption of a minor, the petitioner has not taken custody of the minor, or, in the case of the adoption of a minor by a stepparent, the adoption would not have been granted but for fraud perpetrated by the petitioner or the petitioner's spouse, or, in the case of the adoption of an adult, the adult had no knowledge of the decree within the six-month period.

In the case sub judice, the adoption decree was issued on October 11, 2024. The appellants were not only on notice of the proceedings, but were present and represented by counsel at the final adoption hearing. The six-month period within which the adoption decree could be vacated had already passed when the appellants filed their October 10, 2025, Motion for Relief from Judgment Pursuant to Civ.R. 60(B). As such, the adoption decree

could not be vacated on any grounds, and the probate court did not abuse its discretion when it denied the appellants' motion.[1]

{¶13} Furthermore, the probate court did not err when it rendered its decision without conducting an evidentiary hearing. As set forth by this Court in *Nat'l City Bank v. Frazier,* 2004-Ohio-5562 (5th Dist.), "… a trial court is not required to hold a hearing on a motion made pursuant to Civ.R. 60(B), unless the material submitted by the movant contains allegations of operative facts demonstrating relief is warranted." *Id.* at ¶16, citing *Gaines & Stern Company, L.P.A. v. Schwarzwald,* 70 Ohio App.3d 643, 645 (8th Dist.). In this case, the appellants' Motion alleged that the appellees' failure to comply with the terms of the so-called "gentlemen's agreement" constituted fraud, misrepresentation, and coercion. However, this Court previously determined that the "gentlemen's agreement" was not a significant factor, if any factor at all, upon which the probate court relied in making its best interest determination. The appellants failed to allege operative facts in their Motion demonstrating that relief was warranted and, as such, the probate court did not err in denying their motion without conducting an evidentiary hearing.

---

[1] The appellants argued that the six-month time period was tolled during their various appeals. However, they provide no statutory basis, nor any persuasive case law, in support of said argument.

**CONCLUSION**

{¶14} Based upon the foregoing, we find the appellants' sole assignment of error to be without merit. It is therefore overruled, and the decision of the Richland County Probate Court is hereby affirmed.

{¶15} Costs to appellants.

By: Baldwin, P.J.

Popham, J. and

Gormley, J. concur.