U.A.P. COLUMBUS JV326132, D.B.A. LANE AVENUE SHOPPING CENTER, APPELLEE, *v.* PLUM, D.B.A. HEIDI'S, APPELLANT.

(No. 85AP-894—Decided March 25, 1986.)

*James M. Schottenstein & Associates, James M. Schottenstein, Charles T. Williams* and *Susan A. Peterson,* for appellee.

*James K. Simakis,* for appellant.

MOYER, P.J. This matter is before us on the appeal of defendant-appellant, Fran Plum, d.b.a. Heidi's, from a judgment of the Franklin County Court of Common Pleas overruling defendant's Civ. R. 60(B) motion for relief from judgment. Summary judgment has been rendered below on issues of liability and damages in favor of plaintiff-appellee, U.A.P. Columbus JV326132, d.b.a. Lane Avenue Shopping Center (lessor).

The lessor and Plum entered into a five-year commercial lease for the period March 1, 1983 to February 28, 1988 for premises located in Lane Avenue Shopping Center. Plum's store failed to prosper and she failed to meet her rent obligations.

The lessor filed suit March 6, 1984, with four counts, seeking restitution of the premises, past rent due, future rent due under the terms of the lease, and costs of reletting, attorney fees, costs, and judgment interest.

Pursuant to count one of the plaintiff's complaint, on March 20, 1984, the trial court ordered restitution of the premises to the lessor.

Thereafter, upon plaintiff's motion, the trial court rendered summary judgment for plaintiff. Judgment was entered on April 16, 1985.

Plum's Civ. R. 60(B)(1) and (B)(5) motion for relief from judgment was overruled. Plum appeals from that ruling, asserting three assignments of error:

"I. The trial court abused its discretion and committed reversible error when it failed to hold a hearing on the defendant-appellant's motion for relief from judgment, thus mandating a reversal and remand for purposes of holding such an evidentiary hearing.

"II. The trial court erred as a matter of law in denying defendant-appellant's motion for relief from judgment in its holding that defendant-appellant had waived an affirmative defense of mitigation by not raising that defense in her answer to the complaint.

"III. The trial court committed reversible error as a matter of fact in denying defendant-appellant's motion for relief from judgment in holding that defendant-appellant had waived an affirmative defense of mitigation by supposedly not raising that defense in her answer to the complaint."

The assignments of error are interrelated and will be considered together.

The issue for decision in this appeal from the denial of a Civ. R. 60(B) motion for relief from judgment is whether the trial court abused its discretion. *Moore v. Emmanuel Family Training Ctr.* (1985), 18 Ohio St. 3d 64. Our review of the record, briefs, relevant rules, and case law indicates that, as Plum has argued in her first assignment of error, the trial court abused its discretion when it failed to provide a hearing before overruling Plum's Civ. R. 60(B) motion for relief from judgment.

Plum moved for relief from the judgment of the trial court under Civ. R. 60(B)(1) and (B)(5), which state:

"(B) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"

To prevail on a motion in the trial court brought under Civ. R. 60(B), the movant has the burden of demonstrating that:

"* * * (1) [T]he party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], paragraph two of the syllabus. See, also, *Moore v. Emmanuel Family Training Ctr., supra*; and *Argo Plastic Products Co. v. Cleveland* (1984), 15 Ohio St. 3d 389.

The trial court has discretion whether to hold a hearing before ruling on the motion. Where grounds for relief from judgment appear on the face of the record, a court may grant the motion without a hearing. *Matson v. Marks* (1972), 32 Ohio App. 2d 319 [61 O.O.2d 476], paragraph five of the syllabus; *Doddridge v. Fitzpatrick* (1978), 53 Ohio St. 2d 9 [7 O.O.3d 5], syllabus. However, where grounds for relief from judgment appear on the face of the record, a court abuses its discretion and may not overrule the motion unless it first makes a factual determination of the alleged grounds for relief adverse to the movant. *Matson v. Marks, supra,* paragraph six of the syllabus. In other words, if movant's Civ. R. 60(B) motion contains allegations of operative facts warranting relief, the trial court should grant a hearing to take evidence and

either discredit or verify these facts before ruling. *Coulson* v. *Coulson* (1983), 5 Ohio St. 3d 12, 16; *Twinsburg Banking Co.* v. *RHEA Constr. Co.* (1983), 9 Ohio App. 3d 39, syllabus; *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97 [68 O.O.2d 251], paragraph four of the syllabus; see, also, *Advance Mortgage Corp.* v. *Novak* (1977), 53 Ohio App. 2d 289 [7 O.O.3d 338], paragraph two of the syllabus.

From the face of the record and Plum's motion, it appears there are grounds for relief from judgment satisfying all three prongs of the *GTE Automatic Electric* test. First, the motion was made within a reasonable time after judgment entry. Second, the party has a meritorious defense if relief is granted. Affidavits filed with Plum's motion for relief from judgment and Plum's reply memorandum in support of the motion for relief from judgment present operative facts consistent with the affirmative defense of mitigation pleaded in Plum's answer. Plum argues facts which indicate the court below assessed damages against her for a period in which plaintiff's damages were mitigated by a lease of the premises to a new tenant.

Finally, the face of the record indicates that Plum is entitled to relief under Civ. R. 60(B). Affirmative defenses were pleaded by Plum in her answer and raised in her motion for relief from judgment, but were overlooked by the trial court when it overruled her motion for relief from judgment. On page two of Plum's answer, she states under the heading "First Affirmative Defense" in paragraph three, "Plaintiff is further barred from recovery in this action based on the doctrines of laches, failure of consideration, release, statute of fraud[s], waiver and mitigation." The trial court's decision and entry on the motion for relief from judgment incorrectly stated, "The

defense of mitigation was not pleaded * * *." While Civ. R. 60(B)(5) is not to be used where Civ. R. 60(B)(1) grounds exist, *Alexander* v. *Alexander* (1985), 20 Ohio App. 3d 94, 95; *Caruso-Ciresi, Inc.* v. *Lohman* (1983), 5 Ohio St. 3d 64, paragraph one of the syllabus, generally, court errors and omissions are reasons justifying relief under the " 'other reason' clause." *Bobb* v. *Marchant* (1984), 14 Ohio St. 3d 1, 2; *State, ex rel. Gyurcsik,* v. *Angelotta* (1977), 50 Ohio St. 2d 345, 347 [4 O.O.3d 482].

We hold, therefore, that substantial grounds for relief from the judgment under Civ. R. 60(B)(5) existed, *Caruso-Ciresi, Inc.* v. *Lohman, supra*; *Adomeit* v. *Baltimore, supra*, at 105, that, from the face of the record, it appears grounds for relief from judgment exist under the *GTE Automatic Electric* test, and that the trial court abused its discretion by failing to hold a hearing to take evidence to either verify the facts justifying relief, or make a factual determination adverse to the movant, prior to ruling on the motion. See *Pittsburgh Press Co.* v. *Cabinetpak Kitchens of Columbus, Inc.* (1984), 16 Ohio App. 3d 167, syllabus.

The first assignment of error is sustained.

As assignments of error two and three are subsumed within the first, they are overruled.

Judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and DAHLING, JJ., concur.

DAHLING, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.