[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas which denied appellant Ionia Horton's "MOTION TO PURSUANTTO RULE 60(b) TO SET ASIDE JUDGMENT."
On appeal appellant sets forth the following as her "STATEMENT OF ASSIGNMENT OF ERROR":
 "Appellant states that the trial court judge erred in its Opinion and Journal Entry filed herein on September 24, 1997. In the Journal Entry, the Court denied appellant/defendant's [sic] Motion to Set Aside Judgment pursuant to Rule 60(B), ruling that `Defendant fails to adequately show grounds for relief . . .' In making this ruling, the trial court stated that it had compared two affidavits regarding whether the Defendant had received notice of Sheriff's sale, as described below, and concluded on the basis of same that Defendant had received notice. Appellant states that the trial Court erred in ruling that appellant had not met the grounds needed for a Civil Rule 60(B) motion, and that the trial Court erred in failing to hold a hearing on the question of whether appellant received proper notice."
It is well-established that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed absent a showing of abuse of discretion." Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77." The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The grounds for relief from a final judgment or order as set forth in Civ.R. 60(B) are:
 "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentations or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"
In order to succeed on a motion seeking relief from judgment pursuant to Civ.R. 60(B), a movant must demonstrate that:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec. v. ARC Indus. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Relief pursuant to Civ.R. 60(B) will be denied if the movant fails to adequately demonstrate any one of the three requirements set forth in GTE. Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391.
This court notes at the outset that appellant's claim that the trial court erred when it determined that appellant had received notice of the sale could have been asserted on a direct appeal, and is not the proper subject of a motion for relief from judgment pursuant to Civ.R. 60(B). Blasco v. Mislik (1982),69 Ohio St.2d 684, 686, citing Colley v. Bazell (1980), 64 Ohio St.2d 243
(A Civ.R. 60(B) motion is not available as a substitute for a direct appeal).
Generally, a trial court has discretion whether or not to hold an evidentiary hearing before ruling on a motion for relief from judgment. U.A.P. Columbus JV326132 v. Plum (1986),27 Ohio App.3d 293, 294. If a trial court has before it enough evidence to make a decision, an evidentiary hearing on the motion is not necessary. Matson v. Marks (1972), 32 Ohio App.2d 319,328.
Although appellant asserted in her motion that the trial court failed to hold an evidentiary hearing to take evidence on the issue of notice, she failed to demonstrate how she was prejudiced by that omission. Appellant did not point to any material evidence that should have been before the trial court, in addition to the affidavits presented by both parties, that would have changed the result of the trial court's decision.
Upon consideration, this court finds that the trial court did not abuse its discretion by refusing to hold an evidentiary hearing or by denying appellant's motion for relief from judgment pursuant to Civ.R. 60(B). Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, this court finds further that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.