DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Grace C. Malz appeals the judgment of the Summit County Court of Common Pleas denying her Civ.R. 60(B) motion for relief from judgment. We affirm.
On July 18, 1995, Citizens National Bank ("CNB"), formerly known as the First National Bank in Massillon, filed a complaint in foreclosure against Malz.[1] The complaint alleged that Malz and her now deceased husband, Sam, were in default under the terms of their mortgage note with CNB and demanded payment of the note in full and foreclosure of the Malzes' "equity of redemption."
Malz answered and filed a counterclaim against CNB, alleging that CNB breached its fiduciary duty and its duty to act in good faith, that CNB has exerted economic duress and coercion upon Malz, that CNB caused Malz to suffer serious emotional distress, and that CNB tortiously interfered with Malz's right to continue as a borrower. Malz also requested declaratory judgment as to the proper balance owing to CNB and as to the rights and responsibilities of the parties. On April 9, 1996, the trial court held a pre-trial conference. Malz's attorney attended the pre-trial conference. The date for trial in the matter was set for September 3, 1996. Malz did not appear either in person or by counsel at the September 3, 1996 trial. The trial court received evidence supporting CNB's claim for relief. The trial court rendered judgment in favor of CNB on both CNB's claim against Malz and on Malz's counterclaim against CNB.
On March 18, 1997, the trial court filed a "Judgment Entry of Foreclosure" against Malz, dismissing Malz's counterclaim against CNB.
On March 28, 1997, Malz moved for relief from the portion of the judgment dismissing her counterclaim pursuant to Civ.R. 60(B). In her motion, Malz conceded that she had no objection or defense to the foreclosure proceeding. In her affidavit in support of the motion, Malz stated that she did not receive notice of the August 12, 1996 pre-trial hearing or the September 3, 1996 trial.
On April 1, 1997, the trial court ordered the sale of the subject premises. On May 5, 1997, the trial court denied Malz's Civ.R. 60(B) motion. Malz appeals, assigning one error.
Malz's sole assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIVIL RULE 60(B).
Civ.R. 60(B) governs relief from judgments and provides in part:
 (B) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment.
In order to prevail on a Civ.R. 60(B) motion, the movant must show that: 1) she has a meritorious claim to present if relief were granted; 2) she is entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5); and 3) her motion was made within a reasonable time. GTE Automatic Electricv. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The movant must show all three of the above requirements or her motion for relief from judgment must fail.Id. at 151.
Upon review, we must determine whether the trial court's denial of a motion for relief from judgment was an abuse of discretion. State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149,151. A trial court abuses its discretion when its decision is unreasonable, arbitrary, or fanciful. Sgro v.McDonald's Restaurant (1984), 21 Ohio App.3d 41, 42.
We will address the second requirement of the GTE test, because the disposition of that requirement will also dispose of Malz's assignment of error. Pursuant to GTE, Malz must demonstrate that she is entitled to relief under one of the grounds set forth in Civ.R. 60(B). In her motion for relief from judgment before the trial court, Malz argues that she "was not notified of the Pre-Trial Hearing on August 12, 1996," and that she "was prevented from participating in the trial of the matter scheduled for September 3, 1996 at 9:00 a.m., because she was not notified." Malz attached an envelope from the trial court to her Civ.R. 60(B) motion. The envelope apparently contained notice of the August 12, 1996 pre-trial status conference and was marked "attempted-not known" and "no such number." The envelope was postmarked August 6, 1996. The failure to deliver this correspondence is presumably explained by a transposition of numbers in Malz's zip code.
On July 18, 1996, the trial court granted Malz's attorney's motion to withdraw as counsel in the matter and Malz was notified of this withdrawal. The trial court stated in its order denying Malz's Civ.R. 60(B) motion that the September 3, 1998 trial date was set at the April 9, 1996 pre-trial conference, at which Malz's attorney was present. The trial court also noted that it sent a second notice of the August 12, 1996 status conference upon receipt of the returned misaddressed envelope. Despite this notice, Malz failed to appear or inquire about her case until October 1, 1996, when she filed a "Request for Status and Hearing." Malz argues that it was error for the trial court to deny her Civ.R. 60(B) motion without a hearing. She cites several cases for the proposition that where a motion for relief from judgment sets forth operative facts that would justify relief, it is an abuse of discretion for the trial court to decide without a hearing. See, e.g., U.A.P. Columbus JV326132 v. Plum (1986),27 Ohio App.3d 293, 294. We distinguish the case at bar. In the present case, the trial court had before it all of the facts it needed to render a decision on Malz's Civ.R. 60(B) motion. Malz did not allege "new" facts which the trial court needed to verify or discredit. Therefore, it was not an abuse of discretion to deny the motion without a hearing.
Malz, either directly or through her attorney, had notice of the pre-trial status conference and the trial date. Malz's failure to appear at the trial and prosecute her counterclaim against CNB is not due to excusable neglect. Upon review of the record, we cannot say that the trial court's conclusion that there was no excusable neglect which would justify granting relief from the judgment was an abuse of discretion.[2]
Malz's assignment of error is therefore overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ WILLIAM R. BAIRD
FOR THE COURT
REECE, J.
MILLIGAN, J. CONCUR.
(Milligan, J., retired Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)
[1] The complaint also listed the unknown representative of the estate of Sam Malz, the unknown heirs and devisees of Sam Malz, Shisher Kapadia, Darlene Kapadia, Schalmo Builders, Inc., Bank One, Akron, Third Savings and Loan Co. and Tom Kintz as defendants.
[2] Malz argues that the trial court's dismissal of her counterclaim for failure to prosecute was erroneous. However, "erroneous dismissal" is not a Civ.R. 60(B) ground for relief from judgment, and Malz raises only the denial of her Civ.R. 60(B) motion as an assignment of error.