ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Defendant Thomas Siml appeals from the order of the trial court which denied his motion for relief from judgment. For the reasons set forth below, we affirm.
On October 8, 1996, plaintiff Packaging Service Co. (Packaging Service) filed a complaint against defendant, his wife Marie, and their company, Data Care Services, alleging that defendants defrauded it of funds in connection with accounting services provided from 1986 through 1992. It is undisputed in the record that defendant and his wife were both served at their North Royalton home and that service was completed upon Data Care Services. On July 24, 1998, Packaging Service was awarded summary judgment in the amount of $356,633.87. On July 20, 1999, defendant moved for relief from judgment and asserted that he was entitled to relief pursuant to Civ.R. 60(B)(1) because of surprise and excusable neglect as he was not aware of this action against him until he received a copy of the judgment from the Court in August of 1998. In a supporting affidavit, defendant averred as follows:
1. I am Thomas A. Siml and I am married to Marie Siml.
 2. I am the owner of Data Care Services, a sole proprietorship.
 3. I was never aware of any civil lawsuit against Data Services, Marie Siml, or Thomas A. Siml by A Packaging Service Co., Inc. until after I received a notice of deposition. * * *
 5. Marie Siml signed Thomas A. Siml's name to the various certified mail receipts issued for him by the Cuyahoga County Common Pleas Court and she never gave me a copy of the summons and complaint.
 6. The certified mail receipts in the Court do not have my signature on them.
 7. Marie contacted an attorney, without my knowledge, to represent Data Care Services, Thomas A. Siml, and Marie Siml jointly in this civil case without my knowledge or consent.
On February 9, 2000, the trial court denied the motion without a hearing. Defendant now appeals and assigns two errors for our review.
Defendant's assignments of error are interrelated and state:
 THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT WHEN THE MOTION AND AFFIDAVIT CONTAINED ALLEGATIONS OF OPERATIVE FACTS WHICH WARRANTED RELIEF AND WHICH FACTS WERE NOT CHALLENGED BY THE APPELLEE.
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS FAILURE TO HOLD AN EVIDENTIARY HEARING ON APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.
Within these assignments of error, defendant asserts that he was entitled to relief from judgment pursuant to Civ.R. 60(B)(1), on the basis of surprise and excusable neglect because he did not receive notice of this action until one month after it was entered. He further argues that the motion was unopposed by plaintiff. Plaintiff opposes plaintiff's claims and vigorously argues that the motion was properly rejected and should not have even been considered since it lacked a proper proof of service and was not served upon plaintiff. Because we conclude that defendant's motion for relief from judgment was not filed within a reasonable time within the meaning of Civ.R. 60(B), we conclude that the trial court properly denied defendant's motion for relief from judgment and we do not reach plaintiff's claims regarding the proof of service.
Civ.R. 60(B) governs motions for relief from judgment and provides in part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceedings for the following reasons:
 (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * (5) any other reason justifying relief from judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
The Ohio Supreme Court has summarized the requirements necessary to warrant relief from judgment pursuant to Civ.R. 60(B) as follows:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion was made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after judgment, order or proceeding was entered and taken.
GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146
syllabus at paragraph two.
If the motion contains allegations of operative facts warranting relief, the trial court must grant a hearing to take evidence and either discredit or verify the facts before ruling upon the motion. U.A.P. Columbus JV326132 v. Plum (1986), 27 Ohio App.3d 293, 294-295.
In applying the foregoing, we must first note, as an initial matter, that this matter does not present the circumstance of failure of service, since service was completed. Civ.R. 4.3(B). Defendant has therefore properly challenged the judgment on the basis not that it is void, but that surprise or excusable neglect has occurred. We further note that the time requirements applicable to motions brought pursuant to this rule are cumulative: they must be filed within a reasonable time and not more than one year after the final judgment. Civ.R. 60(B).
In this instance, defendant asserted that he was entitled to relief from judgment pursuant to Civ.R. 60(B)(1), surprise and excusable neglect, because he was never aware of the lawsuit and his wife concealed the action from him and signed his name on court documents. Nonetheless, defendant, by his own admission, waited over ten months after learning of the court's final judgment entry, before filing his motion for relief from judgment. This court has previously determined that a movant who has waited seven months after obtaining actual notice to file his motion for relief from judgment has not filed the motion within a reasonable time. Mount Olive Baptist Church v. Pipkins Paint and Home Improvement Ctr., Inc. (1979), 64 Ohio App.2d 285, 289. By application of this authority, we likewise conclude that defendant's motion for relief from judgment was not filed within a reasonable time and was therefore properly rejected by the trial court. In addition, defendant did not assert a meritorious defense to the allegation of Packaging Service's complaint. The motion was therefore not well-taken. Moreover, since the operative facts of the motion did not indicate that relief was warranted, the trial court was not required to hold an evidentiary hearing in this matter. The assignments of error are without merit.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
 _________________________________ ANN DYKE, ADMINISTRATIVE JUDGE
LEO M. SPELLACY, J., AND PATRICIA A. BLACKMON, J., CONCUR.