DECISION
Plaintiff-appellant, Automotive Illusions, LLC, appeals from a Franklin County Court of Common Pleas entry overruling appellant's motion for relief from judgment.
On July 23, 2001, appellant filed a complaint against defendant-appellee, Reflex Enterprises, LLC ("Reflex Enterprises"), alleging breach of a dealer agreement. The dealer agreement, which was attached to appellant's complaint, provided that venue for all disputes between the parties would be in the state or federal courts of San Antonio, Bexar County, Texas.
On August 21, 2001, Reflex Enterprises filed a motion to dismiss, pursuant to Civ.R. 12(B), for lack of jurisdiction and venue. Appellant contends that it was not served with a copy of this motion and, accordingly, it did not file a response.
By decision and entry dated September 28, 2001, the trial court noted that appellant had made no attempt to demonstrate that the forum selection clause was invalid or unenforceable. The court therefore concluded that the cause was valid and sustained in part Reflex Enterprises' motion to dismiss.
On October 9, 2001, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). Appellant attached the affidavits of its attorney and the receptionists in his law firm, who testified that they had not received a copy of Reflex Enterprises' August 21, 2001 motion to dismiss.
By decision dated November 29, 2001, the trial court overruled appellant's motion for relief from judgment. The court determined that appellant made its motion within a reasonable time and that, in light of its evidence of failure of service, appellant had demonstrated excusable neglect. The court further concluded, however, that appellant failed to demonstrate that it had a meritorious claim or defense to present if relief were granted, a required element to prevail on a Civ.R. 60(B) motion for relief from judgment. The court reasoned that appellant had provided no evidence that the forum selection clause resulted from fraud or overreaching, or that its enforcement would be unreasonable and unjust.
Appellant now assigns the following error:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT ON THE GROUND THAT NO MERITORIOUS CLAIM OR DEFENSE EXISTED TO THE CHOICE OF FORUM PROVISION CONTAINED IN A DEALER AGREEMENT EXECUTED BETWEEN APPELLANT, APPELLEE AND AUTOMOTIVE PROTECTION.
Civ.R. 60(B) provides, as follows, in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment * * *.
To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) that the party has a meritorious claim or defense to present if relief is granted; (2) that the party is entitled to relief under one of the grounds stated in Civ.R. 60(B); and (3) that the motion is made within a reasonable time. GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. To warrant Civ.R. 60(B) relief, "the movant must allege operative facts with enough specificity to allow the court to decide whether it has met" the three requisite elements. Elyria Twp. Bd. Of Trustees v. Kerstetter (1993), 91 Ohio App.3d 599, 601. The trial court must overrule a Civ.R. 60(B) motion if any one of these three requirements is not met. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. "A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment." Key v. Mitchell (1998), 81 Ohio St.3d 89, 90-91.
A Civ.R. 60(B) motion for relief from judgment is addressed to the sound discretion of the trial court, and a ruling on the motion will not be disturbed on appeal absent a showing of abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. A trial court abuses its discretion if it denies a Civ.R. 60(B) motion when the movant has demonstrated all three factors. See Mount Olive Baptist Church v. Pipkins Paints (1979), 64 Ohio App.2d 285, 289. "If the material submitted by the movant in support of its motion [for relief from judgment] contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to refuse to grant a hearing and overrule the motion." Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 105.
The trial court did not abuse its discretion when it overruled appellant's motion for relief from judgment, as appellant has not met its burden of showing that it can maintain a meritorious claim for breach of the dealer agreement in an Ohio court.
The Dealer Agreement at issue states:
 All disputes concerning the validity, interpretation, or performance of this Agreement and any of its terms or provisions, or any rights or obligations of the parties hereto, shall be governed by the laws of the State of Texas with venue in the state or federal courts of San Antonio, Bexar County, Texas.
In Kennecorp Mtge. Brokers, Inc. v. County Club Convalescent Hosp., Inc. (1993), 66 Ohio St.3d 173, syllabus, the Ohio Supreme Court held that "[a]bsent evidence of fraud or overreaching, a forum selection clause contained in a commercial contract between business entities is valid and enforceable, unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust." Appellant has not met its burden on its motion for relief of judgment because it has provided no evidence of fraud or overreaching, or that enforcement of the forum selection clause would be unreasonable or unjust.
Appellant contends that the trial court should conduct an evidentiary hearing or allow appellant to pursue discovery in order to ascertain whether enforcement of the forum selection clause would be unreasonable or unjust. In order to prevail on its Civ.R. 60(B) motion, however, appellant must allege operative facts to demonstrate that it has a meritorious claim.
The affidavits of appellant's attorney and his office staff were directed to the issue of service of the motion to dismiss. The affidavit of Consuella Oliver, appellant's chief financial officer, states the contract with Reflex Enterprises was a negotiated contract and addresses appellee's contacts with Ohio. Neither the memorandum in support of the motion for relief from judgment nor the affidavits make any reference to fraud or overreaching, or state a reason to find enforcement of the forum selection clause would be unreasonable or unjust. Thus, appellant failed to allege operative facts to warrant relief from judgment and was not entitled to a hearing. U.A.P. Columbus JV 326132 v. Plum (1986),27 Ohio App.3d 293. Appellant's speculation is inadequate to warrant relief from judgment or to require a hearing.
Appellant further argues that, pursuant to Ohio's long arm statute, an Ohio court may exercise personal jurisdiction over Reflex Enterprises because Reflex Enterprises had the requisite minimum contacts in Ohio. The Kennecorp court noted, however, that "a minimum-contacts analysis * * * is not appropriate in determining the validity of forum selection clauses in commercial contracts." Id. at 175. Accordingly, appellant's argument is inapposite to the issues before this court.
For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK, P.J., and KLATT, JJ., concur.