JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Scott Simon appeals the decision of the Cleveland Heights Municipal Court denying his Civil Rule 60(B) motion for relief from judgment. Finding error in the proceedings below, we reverse and remand.
 {¶ 2} The following facts give rise to this appeal. On June 27, 2002, appellee filed a complaint in the Cleveland Heights Municipal Court, Small Claims Division. In that complaint, he alleged the following. Appellant was paid $200 for the installation of a phone system in appellee's residence. After that initial installation, appellant returned to appellee's residence and removed the phone system replacing it with a second system that did not function.
 {¶ 3} The complaint was served on appellant on June 28, 2002. Appellant did not answer the complaint. Appellant was served on July 1, 2002 with notice of a small claims hearing scheduled for July 26, 2002. The notice sent to appellant informed him that if he did not appear for the hearing "judgment may be entered against [him] by default * * *."
 {¶ 4} Appellee appeared on July 26, 2002 for the hearing. Appellant failed to appear. Following the hearing, the magistrate's report recommended a default judgment in favor of appellee. The magistrate's recommendation and instructions for filing an objection to that recommendation were mailed to all parties on July 29, 2002. No objections were filed by either party. On August 23, 2002, the trial court adopted the recommendation of the magistrate and signed a judgment entry of default judgment against appellant and in favor of appellee in the amount of $200 plus court costs.
 {¶ 5} At the same time the civil action was proceeding, appellee caused a police report to be filed against appellant in connection with appellant's removal of the phone system from appellee's residence. That report is part of the record of this matter. The Cleveland Heights Police Department declined to file a formal criminal complaint.
 {¶ 6} Appellee conducted various proceedings in aid of execution of the default judgment. On October 18, 2002, appellant filed a motion for relief from judgment and a motion for a stay of execution. The trial court denied both motions without a hearing. Appellant advances two assignments of error for our review.
 {¶ 7} "1. The Trial Court erred and abused its discretion in refusing to hold a hearing upon the Defendant's Motion for Relief."
 {¶ 8} Appellant filed a motion for relief of judgment which is permitted by Civ.R. 60(B). In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146.
 {¶ 9} "If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civ.R. 60(B), the trial court must grant a hearing to take evidence and verify the facts before it rules on the motion." Buoscio v. Gill, Cuyahoga App. No. 81625, 2003-Ohio-1841. However, the trial court should overrule a Civ.R. 60(B) motion if the movant fails to meet all three of the GTE requirements. Volodkevich v. Volodkevich (1988), 35 Ohio St.3d 152.
 {¶ 10} In a review of a Civ.R. 60(B) ruling, an appellate court must determine whether the trial court abused its discretion. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark
(1994), 71 Ohio St.3d 466. In order to have an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254. Moreover, when applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe I (1991),57 Ohio St.3d 135.
 {¶ 11} In denying appellant's motion for relief from judgment, the court found that "[f]or good cause shown defendant's motions for relief from judgment and to stay execution are denied. Defendant was duly served with the complaint and summons and failed to appear. Defendant fails to satisfy the requirements of Ohio Civil Rule 60(B). It is so ordered."
 {¶ 12} We now analyze the record to determine if the court abused its discretion in refusing to hold a hearing upon appellant's motion for relief. In doing so, we are mindful that Civ.R. 60(B) is a remedial rule to be liberally construed to promote the ends of justice. Ondrejcak v.Jelly Rolls (Sept. 3, 1998), Cuyahoga App. No. 73997. Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits. Id.
 {¶ 13} We have no difficulty in determining, within the requirements of Civ.R. 60(B), that appellant presented a meritorious defense to the claims in this case. Appellant attached an affidavit to his motion for relief filed in the trial court. Appellant claimed he gave appellee a phone system to use and appellee refused to return that system in violation of the parties' agreement. Further, appellant claimed he removed appellee's phone system and replaced it with a substitute phone system. The allegations in appellant's affidavit, therefore, satisfy the meritorious defense requirement of the GTE case.
 {¶ 14} Appellant's motion for relief is also timely, having been filed less than sixty days after the filing of the judgment entry of default.
 {¶ 15} The only question that remains is whether appellant's failure to answer or respond was due to "mistake, inadvertence * * * or excusable neglect" within the meaning of Civ.R. 60(B)(1) or whether there is any other reason justifying relief under Civ.R. 60(B)(5). Appellant contends that his mistake in believing he did not need to appear for the default hearing resulted in the default judgment.
 {¶ 16} In evaluating excusable neglect, the Ohio Supreme Court has stated: "In our view, the concept of `excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to `strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.' Wright Miller, Federal Practice 
Procedure 140, Section 2851, quoted in Doddridge v. Fitzpatrick (1978),53 Ohio St.2d 9, 12, 371 N.E.2d 214." Colley v. Bazell (1980),64 Ohio St.2d 243, 247. There is no bright line to determine whether a party's neglect was excusable or inexcusable. The determination of excusable neglect will turn on the facts and circumstances of each case.Ondrejcak, Cuyahoga App. No. 73997. In this case, appellant did not file an answer to the complaint and a default hearing was set. Appellant failed to attend the hearing, although properly notified, after receiving a phone call from an anonymous person telling him not to attend. Appellant acknowledges this call was not made by a court official, and nothing in the record indicates the caller identified himself as a court employee. A copy of the magistrate's decision was mailed to appellant following this missed hearing. The mailing included instructions on how to file objections to the decision. Appellant failed to file objections. Two months later, a default judgment was signed by the trial court, and a copy was mailed to appellant. Appellant's conduct in this regard, including his failure to file an answer, his allegation of relying on a phone call from an anonymous person, and his failure to file objections to the magistrate's decision does not constitute mistake, fraud or other excusable neglect.
 {¶ 17} Nevertheless, there are other circumstances in this case which may demonstrate a basis for relief from judgment. A police report was filed with the Cleveland Heights Police Department with respect to the incident in which appellant removed the phone system from appellee's residence. The report was filed prior to the resolution of the civil action and is part of the record in this case. The Cleveland Heights Police Department declined to file a criminal complaint. The possibility exists that the decision not to prosecute the criminal allegation resulted in confusion that the appellant was relieved of liability in the civil action.
 {¶ 18} These circumstances indicate that appellant may be entitled to relief from judgment under Civ.R. 60(B)(5). Subsection (5) is "intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment."Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66. It should only be applied to highly unusual and unfair circumstances.
 {¶ 19} Because of the unique circumstances involving the criminal allegation, at a minimum, a hearing should have been held by the trial court to allow the appellant the opportunity to present evidence with regard to the 60(B) motion. Moreover, where a movant for relief from judgment under Civ.R. 60(B) alleges operative facts warranting relief, the judge must grant a hearing to take evidence and verify the facts before he rules on the motion. See U.A.P. Columbus JV326132 v. Plum
(1986), 27 Ohio App.3d 293. If the movant alleges operative facts warranting relief, it is an abuse of discretion for the court to overrule the motion without holding an evidentiary hearing for the movant to present evidence in support of the motion. Adomeit v. Baltimore (1974),39 Ohio App.2d 97. We find that under the circumstances presented in this case, the trial court's failure to conduct an evidentiary hearing was an abuse of discretion. Appellant's first assignment of error is sustained.
 {¶ 20} Appellant's second assignment of error is as follows:
 {¶ 21} "2. The Trial Court erred and abused its discretion in refusing to grant the Defendant's Motion for Relief."
 {¶ 22} In light of our conclusion as to the first assignment of error, we do not need to address this assignment of error. App.R. 12(A)(1)(c).
 {¶ 23} We reverse and remand this matter to the trial court with instructions that the court conduct an evidentiary hearing. Following the general procedures set forth above, if the trial court determines from the evidence presented at that hearing that appellant has demonstrated grounds for relief, the judgment should be vacated and the case should proceed upon the merits.
Judgment reversed and remanded.
JAMES J. SWEENEY, P.J., AND TIMOTHY E. MCMONAGLE, J., CONCUR.