OPINION *Page 2 
{¶ 1} Defendant-Appellant, Administrator, Bureau of Workers' Compensation, appeals the judgment of the Richland County Court of Common Pleas to deny its Civ.R. 60(B) motion to vacate.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} Plaintiff-Appellee, Garnetta West-Diehm, filed a notice of appeal and complaint in the Richland County Court of Common Pleas from the decision and order of the Industrial Commission disallowing her claim for additional medical conditions.
 {¶ 3} The parties agreed to settle Appellee's claim for $13,000. The parties informed the trial court of the settlement during a status conference on April 3, 2006. Appellant submitted a settlement agreement and dismissal entry to Appellee. The trial court subsequently filed an "Order for Potential Dismissal" on July 17, 2006, informing the parties the trial court would dismiss the action on August 14, 2006 for failure to prosecute.
 {¶ 4} Finalization of the settlement was delayed because Appellee had an outstanding child support payment obligation of an unknown amount. On September 27, 2006, Appellant filed a "Motion of Defendant Administrator to Enforce Settlement." The trial court then held a telephone conference with the parties. At the telephone conference, the parties agreed that counsel for Appellee would prepare a stipulated dismissal entry that would address Appellee's child support obligations and payment of her attorney's fees.
 {¶ 5} On October 27, 2006, counsel for Appellee faxed counsel for Appellant a document entitled "Stipulated Dismissal Entry." The entry stated as follows, *Page 3 
 {¶ 6} "The Court further finds that their [sic] was extraordinary effort and time expended by attorney John D. Donaldson in his representation of the Plaintiff, Garnetta West-Diehm. Accordingly, the Court finds an attorney fee in the amount of fifty percent (50%) to be reasonable and warranted in the instant action. * * * The Court further ORDERS that pursuant to the Supreme Court Case of Rowan v. Rowan, 72 Ohio St. 3rd 468 (1995) the Ohio Bureau of Workers' Compensation is hereby ORDERED and DIRECTED to pay John D. Donaldson * * * in the amount of * * * ($6,500.00) from the $13,000.00 settlement proceeds. All other settlement proceeds will be subject to seizure by the Richland County Child Support Enforcement Agency regarding any child support arrearage currently in existence."
 {¶ 7} Counsel for Appellant contacted Appellee's counsel and objected to the terms of the stipulated dismissal entry. Counsel for Appellee submitted the stipulated dismissal entry to the trial court, but the entry was not signed by Appellant's counsel. The trial court signed the stipulated dismissal entry and filed the entry on November 7, 2006.
 {¶ 8} Appellant filed a Motion to Vacate on November 13, 2006, arguing that it did not stipulate to the November 7, 2006 judgment entry. The trial court denied Appellant's motion. It is from this denial Appellant now appeals.
 {¶ 9} Appellant raises three Assignments of Error:
 {¶ 10} "I. (A) IN A R.C. 4123.512 WORKERS' COMPENSATION APPEAL, THE TRIAL COURT ERRONEOUSLY RELIED UPON ROWAN V. ROWAN (1995), 72 OHIO ST.3D 486, AS LEGAL AUTHORITY TO AWARD AN ATTORNEY FEE FROM A LUMP SUM WORKERS' COMPENSATION SETTLEMENT; (B) THE TRIAL COURT *Page 4 
ERRED IN EXERCISING JURISDICTION OVER AN ATTORNEY'S FEE FROM A LUMP SUM SETTLEMENT OF A CLAIM IN A CASE UNDER R.C. 4123.512. ROWAN V.ROWAN, 72 OHIO ST.3D 486.
 {¶ 11} "II. THE TRIAL COURT ERRED IN SIGNING AND PERMITTING THE FILING OF A "STIPULATED" ENTRY WITHOUT THE APPROVAL, WRITTEN OR OTHERWISE, OF ALL COUNSEL. RULE 60, OHIO RULES OF CIVIL PROCEDURE.
 {¶ 12} "III. THE ENTRIES FILED NOVEMBER 7, 2006, AND JANUARY 26, 2007, ARE VOID FOR MISREPRESENTATION, MISTAKE, MISCONDUCT AND/OR LACK OF DUE PROCESS. RULE 60, OHIO RULES OF CIVIL PROCEDURE."
 II., III. {¶ 13} We will first address Appellant's second and third Assignments of Error. Appellant argues the trial court abused its discretion when it denied Appellant's motion to vacate. We agree.
 {¶ 14} Appellant argued in its motion to vacate that counsel for Appellant did not sign the "Stipulated Dismissal Entry" and therefore, Appellant did not stipulate to the dismissal. Authority for voluntary dismissals is found under Civ.R. 41. Civ.R. 41(A)(1) states as follows:
 {¶ 15} "Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following: * * * (b) filing a stipulation of dismissal signed by all parties who have appeared in the action."
 {¶ 16} The stipulation in the instant case was not signed by all the parties. Therefore, the action was not effectively settled and dismissed pursuant to the *Page 5 
requirements of Civ.R. 41(A). See, Nolan v. Metro Builders, Inc. (Mar. 31, 1994), 8th Dist. No. 64957.
 {¶ 17} The grant or denial of a motion for relief from judgment under Civ.R. 60(B) rests within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d, 217, 219, 450 N.E.2d 1140.
 {¶ 18} Civ.R. 60(B) states in pertinent part,
 {¶ 19} On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered to taken. * * *."
 {¶ 20} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show, (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be *Page 6 
timely filed. GTE Automatic Electric, Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. A failure to establish any one of these three requirements will cause the motion to be overruled. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564; Argo Plastic Prod.Co. v. Cleveland (1984), 15 Ohio St.3d 389, 391, 474 N.E.2d 328.
 {¶ 21} In addition, where grounds for relief from judgment appear on the face of the record, a trial court abuses its discretion by denying the moving party's motion for relief from judgment. Hatcher v. City ofCleveland (Dec. 10, 1992), 8th Dist. No. 63668.
 {¶ 22} The trial court has discretion whether to hold a hearing before ruling on the motion. Where grounds for relief from judgment appear on the face of the record, a court may grant the motion without a hearing.Matson v. Marks (1972), 32 Ohio App.2d 319, 291 N.E. 2d 491, paragraph five of the syllabus; Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9,371 N.E.2d 214, syllabus. However, where grounds for relief from judgment appear on the face of the record, a court abuses its discretion and may not overrule the motion unless it first makes a factual determination of the alleged grounds for relief adverse to the movant.Matson, supra, paragraph six of the syllabus. In other words, if movant's Civ.R. 60(B) motion contains allegations of operative facts warranting relief, the trial court should grant a hearing to take evidence and either discredit or verify these facts before ruling.Coulson v. Coulson (1983), 5 Ohio St.3d 12, 16, 448 N.E.2d 809.U.A.P. Columbus JV326132 v. Plum (1986), 27 Ohio App.3d 293,500 N.E.2d 924.
 {¶ 23} In the case sub judice, it appears from the face of the record that there existed grounds for relief from judgment. In its judgment entry denying Appellant's motion to vacate, the trial court stated, "On November 7, 2006, this Court signed a *Page 7 
Stipulated Dismissal Entry after conversing with the attorneys for the parties who agreed that the case should be terminated on the basis set out in the Stipulated Dismissal Entry." (Judgment Entry, Nov. 26, 2007). Contrary to that finding, a "Stipulated Dismissal Entry" was filed that was not signed by all the parties to the action pursuant to the requirements of Civ.R. 41(A). In its motion to vacate, Appellant stated that it did not sign the "Stipulated Dismissal Entry." Upon the status of the record in this matter, we find the trial court abused its discretion when it overruled the motion to vacate without first holding an evidentiary hearing to make a factual determination as to whether Appellant consented to the "Stipulated Dismissal Entry."
 {¶ 24} Accordingly, we sustain Appellant's second and third Assignments of Error.
 I. {¶ 25} Appellant argues in its first Assignment of Error the trial court erroneously relied upon Rowan v. Rowan, 72 Ohio St.2d 486,1995-Ohio-110, 650 N.E.2d 1360, when it approved the award of Appellee's attorney's fees to be taken from the lump sum workers' compensation settlement. Appellant did not raise this argument in its motion to vacate.
 {¶ 26} Upon review, we find this is a new argument that cannot be raised upon appeal. "The fundamental rule is that an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." Schade v.Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210 citing State v.Glaros (1960), 170 Ohio St. 471, 166 N.E.2d 379, paragraph one of the syllabus. We find Appellant had the opportunity to raise this argument in the trial court *Page 8 
when it filed its motion to vacate. As such, this court will not address this argument on appeal, but on remand would direct the parties and the trial court to R.C. 3121.0311, effective June 30, 2006, which provides guidelines for the deduction of attorney fees and expenses from a lump sum payment of workers' compensation benefits.
 {¶ 27} The statute requires the administrator of workers' compensation to instruct the obligor's attorney to file a copy of the signed fee agreement and attorney's affidavit setting forth the amount of the attorney's fee, necessary expenses and documentation for those expenses, incurred by the attorney with respect to obtaining the lump sum award. R.C. 3121.0311(B). Upon receipt of the affidavit, the administrator shall deduct attorneys' fees and expenses from the lump sum payment and pay that amount directly to the attorney within fourteen days. R.C.3121.0311(C).
 {¶ 28} The judgment of the Richland County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings consistent with this decision and judgment entry.
By: Delaney, J.
Edwards, P.J. and
 Farmer, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is reversed and remanded. Costs assessed to appellee. *Page 1